# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSEPH PATWYNE JOHNSON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PWG-18-1948 |
| TFC SCOTT SEARS #5563, BARRACK "V" OCEAN GATEWAY, | * | |
| | * | |
| Defendants. | | |

***

## MEMORANDUM

Plaintiff Joseph Patwyne Johnson, who is representing himself in this suit, is an inmate currently housed at Eastern Correctional Institution ("ECI") in Westover, Maryland. He brings this civil action pursuant to 42 U.S.C. § 1983 against two defendants: Maryland State Police Trooper Scott Sears and Maryland State Police Barrack V in Berlin, Maryland (collectively, "Defendants").[1] Compl., ECF No. 1. In a Complaint filed on June 27, 2018, Johnson alleges that Sears knowingly and intentionally lied on the statement-of-charges application that led to Johnson's arrest in the Circuit Court for Worcester County, Maryland. *Id.* at 2-3. Johnson seeks injunctive, compensatory, and punitive damages. *Id.* at 3-4.

On September 18, 2018, Sears filed a Motion to Dismiss, arguing that Johnson failed to state a claim upon which relief could be granted. ECF No. 11. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court informed Johnson that the failure to file a response in opposition to Sears's Motion could result in dismissal of the Complaint. ECF No. 12. Johnson

---

[1] Johnson has not alleged any acts on the part of Barrack V. To the extent that he seeks relief from Barrack V for employing Sears, his claims necessarily fail, because the doctrine of *respondeat superior* does not apply to § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). Therefore, Barrack V shall be dismissed without prejudice.

opposed the Motion to Dismiss on October 4, 2018, and Sears replied on October 19, 2018. ECF Nos. 14, 15. On November 16, 2018, Johnson filed a Motion for Leave to File Surreply along with a proposed surreply. ECF No. 18. That motion is granted *nunc pro tunc*, and Johnson's attachment has been construed as a surreply.

A hearing is not necessary. *See* Loc. R. 105.6. For the reasons that follow, Sears's Motion to Dismiss shall be denied without prejudice.

## Background

Johnson alleges that on June 13, 2016, Sears came before a Maryland district court commissioner and knowingly and intentionally lied on a statement of charges application in order to obtain an arrest warrant for Johnson. Compl. 2, ECF No. 1.[2] Subsequently, Johnson was arrested and held without bond. *Id.* According to Johnson, Sears also lied before the grand jury, leading to Johnson's indictment in Case No. 23-K-16-000247 ("Case No. 247") for the charges of first-degree attempted murder, second-degree attempted murder, first-degree assault, second-degree assault, reckless endangerment, illegal possession of a firearm, use of a firearm in a crime of violence, disorderly conduct, and malicious destruction of property. *Id.* Johnson states that on August 3, 2016, the charges of first- and second-degree attempted murder, first- and second-degree assault, and use of a firearm in a crime of violence were *nolle prossed*. *Id.* at 3. He also states that on October 13, 2016, the prosecutor *nolle prossed* the remaining charges. *Id.*

On April 2, 2017, Johnson was indicted on the same charges, but involving a different victim, in Case No. C-23-CR-17-000150 ("Case No. 150"). A trial in that case resulted in Johnson's convictions. *See* ECF No. 11-2.

On November 13, 2017, Johnson filed a complaint in this Court, challenging his conviction

---

[2] All references to exhibits reflect their electronic pagination.

2

and sentence in Case No. 150. *Johnson v. Sears (Johnson I)*, No. PWG-17-3381. Johnson similarly alleged that Sears lied in the statement-of-charges application that led to his arrest. *Id.* I dismissed Johnson's complaint because the relief sought—suspension and investigation of the defendants—is a form or relief that is unavailable, as "Johnson has no legally protected interest in the prosecution of others." *See* Mem. Op. 2, *Johnson I* (Dec. 20, 2017), ECF 4. I also ruled that monetary relief was unavailable to Johnson based on *Heck v. Humphrey*, 512 U.S. 477 (1994), because "[t]he state court docket shows that Johnson was convicted of offenses in the Circuit Court for [Worcester] County" and, "considering Johnson's allegations in this Court—that he was improperly recharged— 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.'" *Id.* at 2-3 (quoting *Heck*, 512 U.S. at 487). I dismissed Johnson's complaint without prejudice. *Id.* at 3.

In the instant case, Johnson alleges he was improperly jailed for 43 days because Sears lied to have him arrested in Case No. 247. Compl. 3.

## Standard of Review

In reviewing a complaint in light of a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *See Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), unsupported legal conclusions and conclusory factual allegations devoid of any reference to actual events do not suffice, *see Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989); *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## Analysis

In his Motion to Dismiss, Sears argues that Johnson "apparently misunderstood the effect" of the Court's dismissal of the previous complaint "without prejudice," as he "has once again brought suit prematurely" against Sears. Def.'s Mem. 4, ECF No. 11-1. Sears contends that injunctive relief is still not available to Johnson, and that under *Heck*, Johnson may bring a claim for damages only if and when his conviction is overturned and re-trial is not available. *Id.* Sears further avers that because Johnson's conviction in Case No. 150 is presently on appeal, this aspect of Johnson's Complaint is premature and must be dismissed. *Id.*

In Johnson's response in opposition to Sears's Motion, he clarifies that his present Complaint relates to Case No. 247 and not Case No. 150. Opp'n, ECF No. 14. Johnson thus argues that Sears's Motion is unrelated and has no merit. *Id.* at 2.

In Sears's reply to Johnson's response, he urges this Court to reject Johnson's contentions, arguing that the principles of *Heck* still apply because the first set of charges in Case No. 247 were dismissed not because of a lack of probable cause, but because of a mistake. Reply 3, ECF No. 15. According to Sears, the second set of charges in Case No. 150 constituted a continuation of the same criminal proceeding and "[t]he mere fact that Cpl. Sears made a mistake the first time he charged Plaintiff should not create civil liability when the new set of charges resulted in a conviction." *Id.* Sears further argues that Johnson should not be allowed to challenge Sears's

4

actions unless the convictions are reversed on appeal. *Id.* at 4.

Construing the facts and reasonable inferences derived therefrom in the light most favorable to Johnson, the claims presently before the Court do not appear to be barred by *Heck*. "*Heck* held that a prisoner may not file suit under § 1983 as long as a § 1983 judgment in his favor would imply the invalidity of his criminal conviction." *Owens v. Balt. City State's Attorneys Office*, 767 F.3d 379, 391 (4th Cir. 2014) (citing *Heck*, 512 U.S. at 487). Here, Johnson was never convicted in Case No. 247, despite serving 43 days in jail. A § 1983 judgment in his favor would not invalidate any conviction.

Moreover, the United States Court of Appeals for the Fourth Circuit has held that the statute of limitations on a plaintiff's § 1983 claim commences when the plaintiff knows or has reason to know of his injury, or "at the date of the *nolle prosequi*." *Id.* at 392. Johnson's Complaint was timely filed on June 27, 2018. Accordingly, the Complaint survives Sears's Motion to Dismiss.

In light of the foregoing, Sears's Motion to Dismiss shall be denied without prejudice. Sears shall be directed to file a responsive pleading addressing Johnson's claims relating to Case No. 247.

## Conclusion

Barrack V is dismissed from this suit and Sears's Motion to Dismiss is denied without prejudice. Sears is granted 28 days to file a responsive pleading as directed herein. A separate Order follows.

_____
Date

_____
Paul W. Grimm
United States District Judge

5